# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                     Case No. 06-CR-196

**KHALIL ATAA**
       **Defendant.**

## SENTENCING MEMORANDUM

Defendant Khalil Ataa pleaded guilty to distributing more than five grams of crack cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). His pre-sentence report ("PSR") recommended an advisory sentencing guideline range of 188-235 months, based on an offense level of 31 (base level 34, U.S.S.G. § 4B1.1(b)(B), minus 3 for acceptance of responsibility, § 3E1.1) and criminal history category of VI. Neither side objected to the PSR's guideline calculations, which I accepted. Both parties then recommended a sentence below the range under 18 U.S.C. § 3553(a), and in this memorandum I set forth the reasons for the sentence I imposed. See 18 U.S.C. § 3553(c).

**I.**

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007). Those factors include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the correct one. United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert. denied, 127 S. Ct. 3055 (2007). Rather, after accurately calculating the advisory range, so that it "can derive whatever insight the guidelines have to offer, [the court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

## II.

Defendant sold 41 grams of crack cocaine to a confidential informant in a controlled buy for $1980. Defendant did not possess a weapon, or engage in any violence or threats in

connection with the crime. Thus, the offense itself was not in any sense aggravated. However, the situation was aggravated by defendant's prior record, which included several drug trafficking convictions. Defendant had recently completed a 90 month prison term and was on supervised release for a federal drug case when he committed the instant offense. Subsequent to his guilty plea in this case, the defendant was convicted of two more drug cases in Illinois state court, for which he was sentenced to 5 years in prison.

In addition to his troublesome record, at thirty-five years old, defendant also had a limited employment history. He dropped out of high school and joined a gang as a teen. There were some positive aspects to his character, however. Defendant earned a GED and sustained employment for several months after his release from federal prison. His girlfriend and the mother of his two children, ages thirteen and two, made positive statements about him, indicating that he was a good father and that she planned to stick with him. Most significantly, defendant made efforts to cooperate with the government after his arrest in this case. The government indicated that he agreed to cooperate from the start and de-briefed twice, providing significant and useful information. The government stated that he would have been called to testify in a recent trial but for the fact that he was unexpectedly taken into custody by the State of Illinois. The government further indicated that defendant provided information regarding another defendant who recently agreed to plead guilty and cooperate himself. Finally, the government indicated that defendant was at all times respectful and willing to do whatever was asked of him. I gave significant weight to the government's evaluation. During his allocution, defendant also made what appeared to be sincere statements about wanting to get out of the drug trade so that he could be there for his children.

Nevertheless, given his record, I had to consider defendant to present a risk of re-

offending and thus a threat to the public. See 18 U.S.C. § 3553(a)(2)(C). I also had to impose a prison term sufficient to deter him from re-offending; his previous 90 month sentence did not suffice.[1] See 18 U.S.C. § 3553(a)(2)(B). The instant offense was serious but not aggravated in its particulars. Thus, I did not believe a lengthy term was needed to provide just punishment for the crime. See 18 U.S.C. § 3553(a)(2)(A). Defendant did not appear to have correctional treatment needs; he was not a drug user, and he had already taken steps to further his education. See 18 U.S.C. § 3553(a)(2)(D).

Under all of the circumstances, I found a sentence of 96 months sufficient but not greater than necessary to satisfy the purposes of sentencing. In imposing this sentence, I first considered that defendant had provided substantial assistance to the government. As noted, defendant agreed to cooperate immediately, gave truthful information that proved significant and useful in the prosecution of others, and basically did all that was asked of him by the prosecutor. See 18 U.S.C. § 3553(a)(5); U.S.S.G. § 5K1.1.

I further recognized in imposing this term that defendant had no history of violence, see United States v. Santoya, 493 F. Supp. 2d 1075, 1080 (E.D. Wis. 2007) (noting the Sentencing Commission's view that unlike repeat violent offenders, whose incapacitation may protect the public from additional crimes by the offender, retail-level drug traffickers are readily replaced by new drug sellers and their incapacitation thus prevents little, if any, drug selling); that the instant offense did not present any of the aggravating factors believed to be associated with crack distribution and leading to the harsher treatment of crack, such as violence, weapon possession or harmful community effects, see United States v. Willis, 479 F. Supp. 2d 927,

---

[1]For these reasons, the 60 month sentence recommended by the defense was insufficient.

4

933-37 (E.D. Wis. 2007) (discussing how the crack guidelines may provide a poor fit where the circumstances of the case do not match what Congress believed when it set crack penalties higher than powder cocaine penalties); and the fact that the amount involved here was relatively modest. Had this been a powder case, defendant's guideline range would have been lower.

Finally, I noted that this sentence was longer than any previous prison terms defendant had served and thus satisfied the need for specific deterrence. See 18 U.S.C. § 3553(a)(2)(B). Defendant will be in his mid-forties upon his release, an age when, generally speaking, recidivism tends to decline. See, e.g., United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12 (2004). Because this sentence was based on the particular facts of the case, discussed above, it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

### III.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 96 months to run concurrently with the state sentences he was serving. The guidelines did not recommend consecutive time in this situation, and for the reasons stated a concurrent term was sufficient to satisfy the purposes of sentencing and achieve a reasonable total punishment. See U.S.S.G. § 5G1.3(c). Upon release, I ordered defendant to serve four years of supervised release, with a condition that he repay the buy money and other terms that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2007.
/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5